Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Email: chrisr@prato-reichman.com

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISON

| | |
|---|---|
| PAUL SAPAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>DAVANTI  DIGITAL MEDIA, LLC, a New Jersey Limited Liability Company, VERONICA  WRENN, an individual,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

   COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as "Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Plaintiff is, and at all times herein mentioned was, a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.     Defendant DAVANTI DIGITAL MEDIA, LLC ("Davanti Digital Media") is, and at all times herein mentioned was, a New Jersey Limited Liability Company, doing business in the County of Los Angeles, State of California.

3.     Defendant VERONICA WRENN is, and at all times herein mentioned was, an individual doing business in the County of Los Angeles, State of California.

4.     This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441. *Mims v. Arrow Fin. Services, LLC*, --U.S. --, 132 S.Ct. 740, 753 (2012). The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.     At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the

Complaint

conduct of each co-defendant herein.

## FACTUAL SUMMARY

6.      Defendants made two (2) prerecorded calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their debt consultancy services on the following dates and times and using the following Caller ID ("CID") number:

- July 25, 2013 at 11:12am, CID 484-891-5552
- July 26, 2013 at 11:29am, CID 484-891-5552

7.      Defendants made three (3) live calls to PAUL SAPAN's home phone number (310-444-1999) wherein they tried to pitch their debt consultancy services on the following dates and times and using the following Caller ID ("CID") number:

- May 22, 2013 at 9:37am, CID 562-286-6251, 732-982-8260
- November  6, 2013 at 2:44pm, CID 732-982-8270
- November  6, 2013 at 2:50pm, CID 732-982-8270

8.      Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

Complaint

9.      While each of the calls complained of above used the same Caller ID number, none of them transmitted any Caller ID name information as required by law.  47 C.F.R. § 64.1601(e).

10.     On May 22, 2013 at 9:37am, Defendants called Mr. Sapan's home telephone transmitting a CID of 484-891-5552.

11.     Mr. Sapan answered and a live person who claimed he was "David" of "Summit Finance" tried to pitch debt consultancy services and asked if Mr. Sapan had any debt.

12.     Mr. Sapan alleges on information and belief that there is no "Summit Finance" and that this is just a made up name the boiler room operator used to avoid detection on the basis that the CID Name was blocked and it is common practice for illegal telemarketers to use false names to attempt to evade detection.

13.     Trying to figure out who was in fact calling him, Mr. Sapan answered affirmatively that he had debt during the call and "David with Summit Finance" proceeded to transfer the call to a "supervisor" who claimed his name was "Mike".

14.     For some technical reason, probably having to do with the transfer, the call was dropped shortly after the transfer.

15.     "Mike" called back immediately, this time transmitting the CID 732-982-8260, and after saying he was with "Customer Care Services" continued to try to sell debt consultancy services.

Complaint

16.     Mr. Sapan asked "Mike" about his company and "Mike" gave the company website as "www.mycustomercareservices.com".

17.     Mr. Sapan said he was not interested and hung up.

18.     Mr. Sapan tried to visit the website, but no such site existed.

19.     Mr. Sapan searched both the CID numbers online and found that the CID from the second part of the call with "Mike", 732-982-8260, was listed on a number of online directories as belonging to Defendant Davanti Digital Media, LLC.  See, e.g. http://www.whitepages.com/business/davanti-digital-media-tinton-falls-nj-2, or, https://www.facebook.com/davantidigital/info/?tab=overview, or, http://www.bbb.org/new-jersey/business-reviews/web-design/davanti-digital-media-llc-in-tinton-falls-nj-90139465.

20.     All these same directories give Defendant Davanti Digital Media's physical address as 30 Park Road, Tinton Falls, New Jersey.

21.     As alleged above, Davanti Digital Media, LLC is a registered corporate entity in the state of New Jersey.

22.     Plaintiff searched all public databases maintained by the State of New Jersey for "Customer Care Services" and found no such registered corporate entity or registered trade name.

23.     On information and belief, Plaintiff alleges that "Customer Care Services" is a false name used by Defendants to try to shield themselves from

Complaint

detection in their illegal telemarketing.

24.     On July 25, 2013 at 11:12am, Defendants called Mr. Sapan's home telephone transmitting a CID of 484-891-5552.

25.     Mr. Sapan did not answer this call, but pleads on information and belief Defendants made this call using a prerecored message to try to sell their debt consultancy services since the CID matches the next call made on the next day.

26.     On July 26, 2013 at 11:29am, Defendants called Mr. Sapan's home telephone transmitting a CID of 484-891-5552.

27.     Mr. Sapan answered and an unidentifiable, robotic voice instructed Mr. Sapan to press "1" to speak with a representative.

28.     In order to determine the nature and identity of the illegal call, Mr. Sapan feigned interest and pressed "1".

29.     Mr. Sapan was connected with "Eugene" of "Customer Care Services" who began the same pitch to try to sell debt constancy services.

30.     Mr. Sapan again asked about the company, and this time "Eugene" gave the website address as "www.yourcustomercareservices.com".

31.     Mr. Sapan now knew who was behind the illegal call, and instructed "Eugene" not to call him again, and hung up.

32.     Mr. Sapan visited this new wesite address which substituted "your" for the incorrect "my" in the address he was given in the first call.

Complaint

33.     This pulled up a website with the false name "Customer Care Services" on top and that advertised to "Free Me From Debt" but with no legitimate legal corporate name anywhere on the site.  The site did, and still does, however, list the same physical address as Davanti Digital Media, 30 Park Road, Tinton Falls, New Jersey.

34.     Mr. Sapan also searched the website registration or "WhoIs Report" maintained by InterNIC for all websites and the registrant field lists the false name "Customer Care Services" but the true address of Defendant Davanti Digital Media.

35.     On November 6, 2013 at 2:44pm, Defendants called Mr. Sapan's home telephone transmitting a CID of 732-982-8270.

36.     Mr. Sapan answered and "Jason" who said he was with "Customer Care Services" started to once again pitch Defendants' debt consultancy services.

37.     Since Mr. Sapan now knew this was just a false name for Defendants, he hung up to avoid wasting any more of his time on these illegal calls.

38.     Six minutes later on November 6, 2013 at 2:50pm, Defendants called Mr. Sapan's home telephone transmitting a CID of 732-982-8270.

39.     Mr. Sapan did not answer.

40.     Mr. Sapan did not answer this call, but pleads on information and belief Defendants made this live call to try to sell their debt consultancy services

- 7 -

Complaint

since the CID matches the previous live sales call they made six minutes before.

41.     Mr. Sapan alleges on information and belief that Defendants also transmitted the other calls, which went unanswered, to pitch the same debt consultancy services.

42.     None of the prerecorded calls complained of were introduced by a live natural person as required by the California Consumer Legal Remedies Act.

43.     And none of the recordings complained of identified the caller's name or number in any way, both of which are required by both federal and California law.

## Liability of Davanti Digital Media, LLC

44.     Defendant Davanti Digital Media made all the calls complained of using the false name "Customer Care Services" as a dodge to try to avoid detection, including the first call that may have used an agent in the first part of the call but wherein Davanti Digital Media used its own primary published phone number as the CID number in the second part of the call after a technical glitch.

## Liability of Veronica Wrenn

45.     Defendant Veronica Wrenn is, and at all times herein mentioned was, the owner of Defendant Davanti Digital Media.

Complaint

46.     Defendant Veronica Wrenn is, and at all times herein mentioned was, the only person listed as an officer or manager at Defendant Davanti Digital Media in any public document freely available from the State of New Jersey and the only one listed in common online business registries like the Better Business Bureau. See, link above, paragraph 19.

47.     Plaintiff has searched public records such as federal employer Identification Number registries and can find no record that Davanti Digital Media ever employed anyone, nor any evidence that anyone other than Veronica Wrenn ever worked for Davanti Digital Media.

48.     Plaintiff alleges on information and belief that Defendant Veronica Wrenn made the violative calls, ordered them made, knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company was making the calls described above.

## **Actual Harm & Willful and Knowing Conduct**

49.     Mr. Sapan is angered and annoyed by these junk calls and has been harmed by the waste of his time during the calls themselves, the waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and

Complaint

intrusion on his privacy of having to listen to the insistent metallic jangling of a phone ringing in his home whether he answered a particular call or not.

50.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in July and November of 2013 since Defendants calls constituted 5% or more of the total calls to his phone during their junk calling campaign.

51.   Plaintiff alleges on information and belief that Defendants made the calls described above intentionally, in the sense that the number called was the one they meant to call in pitching their services.

52.   Plaintiff alleges on information and belief that Defendants made the calls described above knowing that they were made in contravention of the TCPA and other telemarketing laws and regulations.

**FIRST CAUSE OF ACTION**
[TCPA Violation – Prerecorded Telesolicitation – For 2 Calls]

53.   Plaintiff  realleges all paragraphs above and incorporates them herein by reference.

54.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

55.   Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States

Complaint

Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

56.   Defendants have called Plaintiff's residential telephone line, using an artificial or prerecorded voice to deliver a message, without Plaintiff's express permission during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

57.   Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

Complaint

## SECOND CAUSE OF ACTION

[TCPA Violation – Do Not Call List – For All 5 Calls]

58.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

59.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

60.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

61.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

62.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did

Complaint

Defendant have express permission from Plaintiff to call, nor did Defendant have a

personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

63.   Subdivision (c)(5) of section 227 of title 47 of the United States Code

permits a private right of action in state court for violations the national do-not-call

registry rules promulgated thereunder. Plaintiff may obtain relief in the form of

injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If

the court finds that defendants' violations were willful or knowing, it may, in its

discretion, award up to three times that amount.

**THIRD CAUSE OF ACTION**
[Violation(s) of California Civil Code § 1770 (a) (22) (A) –
For 2 Prerecorded Telesolicitation Calls]

64.   Plaintiff realleges all paragraphs above and incorporates them herein

by reference.

65.   California Civil Code § 1770 (a) (22) (A) requires that all recorded

messages disseminated within the state be introduced by a live, natural voice

giving the name of the entity calling, the name of the entity being represented, an

address or phone number for that entity, and asking permission to play the

recording.  Defendant's illegal prerecorded telemarketing calls to Plaintiff failed to

comply with this requirement.

/ / /

66.   As a proximate result of defendants' violation of Civil Code section 1770, plaintiff has suffered and continues to suffer damages in an amount not yet ascertained, to be proven at trial.

67.   Civil Code section 1780 (a) (2) provides for an injunction against future conduct in violation of Civil Code section 1770.

68.   Civil Code section 1780 (a) (4) provides for an award of punitive damages for violations of Civil Code section 1770.

69.   Civil Code section 1780 (d) provides for an award of attorneys fees for plaintiffs harmed by California Civil Code §1770 (a) (22) (A) violations.

## FOURTH CAUSE OF ACTION
[Trespass to Chattel – For All 5 Calls]

70.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

71.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

72.   At no time did Plaintiff consent to this trespass.

73.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in July and November of 2013 since Defendants calls constituted 5% or more of the total calls to his phone during their junk calling campaign.

Complaint

74.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

### FIFTH CAUSE OF ACTION
[Engaging in Unfair Business Practices – For All 20 Calls]

75.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

76.   Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

77.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 5% of his monthly phone bills in July and November of 2013 since Defendants calls constituted 5% or more of the total calls to his phone during their junk calling campaign.

78.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

/ / /

/ / /

Complaint

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1. For an award of $500.00 for each violation of 47 U.S.C. §227;

2. For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3. For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

4. For an award of $1,500.00 for each such violation found to have been willful;

On the THIRD CAUSE OF ACTION:

5. For compensatory damages according to proof;

6. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in activity in violation of California Civil Code §1770 (a) (22) (A);

7. For punitive damages;

8. For attorney's fees;

On the FOURTH CAUSE OF ACTION:

9. For compensatory damages according to proof;

10. For punitive damages;

On the FIFTH CAUSE OF ACTION:

11. For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

/ / /

Complaint

On ALL CAUSES OF ACTION:

    12.  For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    13.  For costs of suit herein incurred; and

    14.  For such further relief as the Court deems proper.


DATED: July 18, 2016                **PRATO & REICHMAN, APC**



                                    /s/Christopher J. Reichman, Esq.
                                    By: Christopher J. Reichman, Esq.
                                    **Prato & Reichman, APC**
                                    Attorneys for Plaintiff
                                    PAUL SAPAN

Complaint